```
                                    ✓ FILED      ✓ ENTERED
                                    ___ LODGED    ___ RECEIVED

                                    OCT 2 6 2000

                                    AT SEATTLE
                                    CLERK U.S. DISTRICT COURT
                                    WESTERN DISTRICT OF WASHINGTON
                                 BY                          DEPUTY
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH HOLMES and VICTORIA McDONALD,<br><br>        Plaintiff(s),<br><br>v.<br><br>THE CITY OF SEATTLE,<br><br>        Defendant(s). | CASE NO. C00-1808P<br><br>ORDER RECOMMENDING EARLY SETTLEMENT AND REQUIRING JOINT STATUS REPORT |

## I. EARLY SETTLEMENT CONSIDERATION

When civil cases are settled <u>early</u> -- before they become costly and time-consuming -- all parties and the court benefit. The recent Federal Bar Association Alternative Dispute Resolution Task Force Report for this district stated:

> [T]he major ADR related problem is not the percentage of civil cases that ultimately settle, since statistics demonstrate that approximately 95% of all cases are resolved without trial. However, the <u>timing</u> of settlement is a major concern. Frequently, under our existing ADR system, case resolution occurs far too late, after the parties have completed discovery and incurred substantial expenditure of fees and costs.

The judges of this district have adopted a resolution "approving the Task Force's recommendation that court-connected ADR services be provided as early, effectively, and economically as possible in every suitable case."

ORDER RECOMMENDING EARLY SETTLEMENT
& REQUIRING JOINT STATUS REPORT - 1

The steps required by this order are meant to help achieve that goal while preserving the rights of all parties.

If settlement is achieved, counsel are requested to notify Eileen Scollard, deputy clerk, at (206) 553-1801.

## II. JOINT STATUS REPORT

All counsel and any pro se parties are directed to confer and provide the court with a joint status report by November 26, 2000. The report will be used in setting a schedule for the prompt completion of the case. It must contain the following information by corresponding paragraph numbers:

1. A statement of the nature and complexity of the case.

2. A statement of which ADR method (mediation, arbitration, or other) should be used. The alternatives are described in Local Rule CR 39.1 and in the ADR Reference Guide which is available from the clerk's office. If the parties believe there should be no ADR, the reasons for that belief should be stated.

3. Unless all parties agree that there should be no ADR, a statement of when mediation or another ADR proceeding under Local Rule CR 39.1 should take place. In most cases, the ADR proceeding should be held within four months after the joint status report is filed. It may be resumed, if necessary, after the first session.

4. A listing of the specific items of discovery (including names of deponents) that will be needed before mediation or other early ADR occurs, and a proposed date for completing that discovery. This does not mean all discovery, but only the items needed to permit meaningful settlement proceedings. To achieve economy, in most cases the discovery needed for this purpose should be obtained within three months after the joint status report is filed.

5. The date by which the remainder of discovery can be completed.

ORDER RECOMMENDING EARLY SETTLEMENT
& REQUIRING JOINT STATUS REPORT - 2

6.    A statement of how discovery will be managed so as to minimize expense (e.g., by forgoing or limiting depositions, exchanging documents informally, etc.). Any party may apply to the court for an order limiting discovery (see Local Rule CR 26(b)(2)).

7.    Whether the parties agree that a full-time magistrate judge may conduct all proceedings, including trial and the entry of judgment, under 28 U.S.C. § 636(c) and Local Rule MJR 13. Agreement in the joint status report will constitute the parties' consent to referral of the case to a full-time magistrate judge.

8.    Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.

9.    Whether the pretrial statements and pretrial order called for by Local Rules CR 16(e), (h), (i), and (l), and 16.1 should be dispensed with in whole or in part for the sake of economy.

10.    Any other suggestions for shortening or simplifying the case.

11.    The date the case will be ready for trial.

12.    Whether the trial will be jury or non-jury.

13.    The number of trial days required.

14.    The names, addresses, and telephone numbers of all trial counsel.

If the parties are unable to agree on any part of the report, they may answer in separate paragraphs. No separate reports are to be filed.

If, on the due date of the joint status report, all defendant(s) or respondent(s) have not been served, counsel for the plaintiff shall advise the court in an independent report when service will be effected and why it was not made earlier.

If on the due date the defendant(s) or respondent(s) have been served and no answer or appearance has been filed, counsel for the plaintiff shall file an independent status report providing the information requested to the extent possible. This report must also describe the current status of the non-appearing parties.

ORDER RECOMMENDING EARLY SETTLEMENT
& REQUIRING JOINT STATUS REPORT - 3

The time for filing the joint status report may be extended only by court order. Any request for extension should be made by telephone to Stephen Crozier at (206) 553-2671.

If the parties wish to have a status conference with the court at any time during the pendency of this action, they should notify the deputy clerk, Eileen Scollard, by telephone at (206) 553-1801.

### III. PLAINTIFF'S RESPONSIBILITY

This order is issued at the outset of the case, and a copy is delivered by the clerk to counsel for plaintiff. Plaintiff's counsel (or plaintiff, if pro se) is directed to serve copies of this order on all parties who appear after this order is filed within ten (10) days of receipt of service of each appearance. Plaintiff's counsel (or plaintiff, if pro se) will be responsible for starting the communications needed to prepare the joint status report.

### IV. SANCTIONS

A failure by any party to comply fully with this order may result in the imposition of sanctions.

DATED: October 26, 2000.

*/s/ Marsha J. Pechman*
Marsha J. Pechman
United States District Judge

ORDER RECOMMENDING EARLY SETTLEMENT
& REQUIRING JOINT STATUS REPORT - 4