UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH HOLMES and VICTORIA McDONALD,

        Plaintiff(s),

v.

CITY OF SEATTLE, et al.,

        Defendant(s).

NO. C00-1808

ORDER ON MOTION TO COMPEL

The Court, having received and reviewed:

1. Defendants' Motion to Compel and for Imposition of Terms (Dkt. No. 15)

2. Plaintiffs' Memorandum in opposition to Defendants' Motion to Compel

3. Defendants' Reply in Support of Its Motion to Compel and for Imposition of Terms

and all attached declarations and exhibits, makes the following ruling:

IT IS HEREBY ORDERED that defendants' motion to compel is GRANTED; plaintiffs have seven (7) days from the filing of this order to produce all requested discovery.

IT IS FURTHER ORDERED terms in the sum of $900 will be assessed against plaintiffs and their counsel; said amount to be paid within thirty (30) days of the filing of this order.

### Discussion

Plaintiffs were originally served with defendants' First Discovery on November 2, 2000 and the deadline for response was December 4, 2000. Since that original due date, defendants have agreed to five extensions for original and supplemental discovery, in addition to holding an LR 37 conference on February 23, 2001. Not until defendants filed this motion to compel on April 5, 2001

ORD ON MTN TO COMPEL - 1



did plaintiffs comply with the discovery requests and even then failed to produce two items of discovery (stipulation to release medical records and a copy of their lease) which they had agreed to provide.

Plaintiffs' counsel pleads their indigence and transient lifestyle by way of defense to the production of discovery which even he admits is tardy. While it certainly appears that plaintiffs are somewhat nomadic (they have been in four different states since the filing of the suit), it also appears that they have made good faith attempts to keep their counsel apprised of their whereabouts. As far back as early February, they notified their attorney of their location – presumably their attorney could have obtained, from a distance, some or all of the information to which defendants had a right. The Court is not satisfied, from the declarations submitted by plaintiffs' counsel, that a good-faith effort was made to accomplish that requirement.

Following the filing of this motion, defendants received the bulk of the requested discovery. This does not relieve plaintiffs or plaintiffs' counsel of the consequences of their extended delay. LR 37(a)(4)(A) states that

> . . . if the disclosure or requested discovery is provided after the motion was filed, the court shall . . . require the party . . . or the attorney . . . or both of them to pay to the moving party the reasonable expenses incurred in making the motion including attorney's fees . . . ." (emphasis supplied).

Plaintiffs and their counsel shall be ordered to pay terms in the amount of $900 within thirty days of the filing of this order. They shall produce stipulations to release medical records and a copy of the requested lease within seven days of the filing of this order.

The clerk is directed to send copies of this order to all counsel of record.

Dated: May 14, 2001

Marsha J. Peckman
United States District Judge

ORD ON MTN TO COMPEL - 2